# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL FREEDMAN AND ASSOCIATES, INC.** | **CIVIL ACTION** |
| | **No. 11-2793** |
| **VERSUS** | **SECTION "I"** |
| **RICHARD BRADLEY CARPET COMPANY INC., ET AL.** | |

## ORDER AND REASONS

Before the Court is a motion[1] to dismiss pursuant to the doctrine of *forum non conveniens* or, in the alternative, to stay, filed by defendant, Richard Bradley Carpet Company, Inc., d/b/a Bradley Floors ("Bradley Floors"). Plaintiff, Michael Freedman and Associates, Inc., d/b/a Floorfolio Industries ("Floorfolio"), has filed an opposition.[2] For the following reasons, the motion is **DENIED**.

## *BACKGROUND*

On October 7, 2011, Floorfolio filed a lawsuit in the 34th Judicial District Court for the Parish of St. Bernard ("the Louisiana lawsuit") to obtain payment for three shipments of luxury vinyl floor tiles that it sold and delivered to Bradley Floors at its Dallas County corporate headquarters for a total contract price of $135,626.40.[3] Mike Carter, an agent and sales person for Floorfolio, and Michael Freedman, the president of that New Jersey corporation, secured the deal after soliciting the president of Bradley Floors in person at his office in Dallas.[4] After

---

[1] R. Doc. No. 8.

[2] R. Doc. No. 9.

[3] R. Doc. No. 1-1; R. Doc. No. 8.

[4] R. Doc. No. 8.

1

taking delivery of the shipments, Bradley Floors installed the tiles in four residential apartment buildings located in Chalmette, Louisiana.[5] The apartments buildings are separately owned by defendants, Newhaven Court, LLC, Aberdeen Court, LLC, Westfield Court, LLC, and Coventry Court, LLC.[6]

Floorfolio seeks a judgment against Bradley Floors in the amount of $135,626.40 representing the amounts it is owed under the parties' contract, plus interest, attorney's fees, and civil penalties. Although Floorfolio also filed liens against the apartments buildings, and sought a judgment in the amount of $33,906.60 plus interest and attorney's fees against each of the property owners, it has voluntarily dismissed those claims.[7]

On August 11, 2011, eight weeks before Floorfolio filed the Louisiana lawsuit, Bradley Floors filed a petition in the 101st Judicial District Court of Dallas County, Texas, alleging that Floorfolio failed to deliver the flooring in accordance with the specifications set forth in their contracts ("the Texas lawsuit").[8] Bradley Floors alleged that it provided Floorfolio with its specifications for 208,512 square feet of vinyl plank flooring with a six millimeter wear layer and a urethane finish.[9] Bradley Floors claims that Floorfolio shipped only 196,560 square feet of flooring and that an independent lab test on a sample of eighteen tiles revealed that three of the tiles had only a five millimeter wear layer, and fifteen samples tested as having only a four millimeter wear layer.[10] Bradley Floors seeks damages in that lawsuit for breach of contract,

---

[5] R. Doc. No. 1-1; R. Doc. No. 9.

[6] R. Doc. No. 1-1.

[7] R. Doc. No. 1-1; R. Doc. No. 18.

[8] R. Doc. No. 8.

[9] R. Doc. No. 8.

[10] R. Doc. No. 8.

2

breach of express warranty, breach of the implied warranty of merchantability, fraud, negligent misrepresentation, negligence, and negligent supervision. [11]

On November 9, 2011, Bradley Floors removed the Louisiana lawsuit to this Court on the basis of diversity jurisdiction.[12] Bradley Floors subsequently filed this motion to dismiss the case pursuant to the common law doctrine of *forum non conveniens* or, in the alternative, to stay the case pending the resolution of the Texas lawsuit.[13] Floorfolio opposes the motion on the grounds that such action will not serve the convenience of the parties and witnesses and that a transfer, dismissal, or stay of this action is inappropriate. [14]

## *LAW AND ANALYSIS*

Bradley Floors has made clear that it filed this motion seeking dismissal under the common law doctrine of *forum non conveniens* in order to litigate the subject matter of this lawsuit alongside its pending claims against Floorfolio in Texas state court.[15] "A party seeking

---

[11] R. Doc. No. 8.

[12] R. Doc. No. 1. Floorfolio is a New Jersey corporation and all defendants are residents of Texas. R. Doc. No. 1-1.

[13] R. Doc. No. 8.

[14] R. Doc. No. 9.

[15] Bradley Floors initially stated that it was seeking a "transfer" pursuant to "the doctrine of *forum non conveniens* under 28 U.S.C. § 1404a," but it then argued that the matter should be dismissed citing cases applying the common law doctrine of *forum non conveniens*. While the United States Code permits a district court to *transfer* any civil action to another district "[f]or the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a), the common law doctrine of *forum non conveniens* affords federal courts the discretion to *dismiss* a case "when an alternative forum has jurisdiction to hear the case, and trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems." *Sinochem Intern. Co. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 429, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007) (alterations and citations omitted). The common law doctrine of *forum non conveniens* "has continuing application in federal courts only in cases where the alternative forum is abroad, and perhaps in rare instances where a state or territorial court serves litigational convenience best." *Id.* at 430 (citing 14D Charles A. Wright et al., *Federal Practice and Procedure* § 3828 (3d ed. 2007)) (alterations and citations omitted). Bradley Floors never requested a transfer to any specific U.S. District Court and it affirmed in its reply memorandum that it had "moved this Court for dismissal under the doctrine of *forum non conveniens*."

3

*forum non conveniens* dismissal 'must demonstrate (1) the existence of an available and adequate alternative forum and (2) that the balance of relevant private and public interest factors favor[s] dismissal.' "[16] *Taylor v. Tesco Corp.*, 754 F. Supp. 2d 840, 843 (E.D. La. 2010) (Fallon, J.) (quoting *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003)); *see generally Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S. Ct. 839, 91 L. Ed. 1055 (1947). The private interest factors include:

> (1) the ease of access to evidence; (2) the availability of compulsory process for the attendance of unwilling witnesses; (3) the cost of obtaining attendance of willing witnesses; (4) the possibility of a view of the premises, if appropriate; and (5) any other practical factors that make trial expeditious and inexpensive.

*Saqui v. Pride Cent. America, LLC*, 595 F.3d 206, 213 (5th Cir. 2010) (citing *Gilbert*, 330 U.S. at 508). The public interest factors include:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty.

*Saqui*, 595 F.3d at 214 (citing *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1162-63 (5th Cir. 1987) (en banc), *vacated on other grounds sub nom. Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032, 109 S. Ct. 1928, 104 L. Ed. 2d 400 (1989), *reinstated except as to damages by In re Air Crash Disaster Near New Orleans, La.*, 883 F.2d 17 (5th Cir.1989) (en banc)). "The [Supreme] Court has emphasized that no one private or public interest factor

---

[16] "[T]he doctrine of *forum non conveniens* can never apply if there is absence of jurisdiction or mistake of venue." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504, 67 S. Ct. 839, 91 L. Ed. 1055 (1947).

4

should be given conclusive weight, and that the plaintiff's initial choice of forum should usually be respected. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 342 (5th Cir. 1999) (citing *In re Air Crash Disaster*, 821 F.2d 1147, 1163 (5th Cir. 1987). "The defendants bear the burden of proof on all elements of the *forum non conveniens* analysis." *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794 (5th Cir.2007) (citing *In re Air Crash*, 821 F.2d at 1164).

Bradley Floors has not carried its burden of demonstrating that this action should be dismissed under the common law doctrine of *forum non conveniens*. Bradley Floors merely assumes that the Texas lawsuit provides an available and adequate forum for Floorfolio's claims and it has failed to show that any particular private or public interest factor weighs in favor of dismissal. Bradley Floors argues only that Texas state court is a more convenient forum because (1) its principal place of business is in Texas, (2) Floorfolio is not a Louisiana corporation, (3) the circumstances giving rise to the lawsuit took place in Dallas, and (4) the Texas lawsuit was filed eight weeks before the Louisiana lawsuit.

Even assuming that the Texas lawsuit affords an available and adequate forum for Floorfolio's claims, the Court does not find that the private and public interest factors weigh in favor of dismissal. With respect to the private interest factors, the floor tiles themselves are the primary source of evidence for this action and they have already been installed in apartment buildings located in Chalmette. The ease of access to floor tiles for the parties and their witnesses, the availability of compulsory process for the attendance of unwilling witnesses in the Eastern District of Louisiana, and the cost of attendance for willing witnesses all support Floorfolio's choice of forum. Although consideration of the public interest factors reveals that Texas state courts may have an interest in deciding this apparently localized contract dispute at

5

home, and the resolution of the claims may ultimately require application of Texas law,[17] such considerations are counterbalanced by the lack of any administrative difficulties or unnecessary problems with respect to conflicts of law that would result from maintaining this action in the Eastern District of Louisiana. Accordingly, the Court finds that the balance of the private and public interest factors does not weigh in favor of dismissal under the common law doctrine of *forum non conveniens.*

Bradley argues in the alternative that the Court should stay this matter pending the resolution of the Texas lawsuit because the two actions involve the same parties and issues. Although the Court has a general discretionary power to stay proceedings in the interest of justice and to control its docket, proper use of this authority "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). "[B]efore granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution of the 'other case,' in light of the principle that 'stay orders will be reversed when they are found to be immoderate or of an indefinite duration.'" *Wedgeworth*, 706 F.2d at 545 (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)). Moreover, the burden is on the party seeking a stay to justify "a delay tagged to another legal proceeding." *Wedgeworth*, 706 F.2d at 545. "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255.

---

[17] Despite the fact that Bradley Floors partially withdrew its motion to dismiss on the ground that it believes Louisiana law does not govern this action, it has made no showing that this is in fact the case. *See* R. Doc. No. 15.

Although Bradley Floors argues that a judgment in the Texas lawsuit would dispose of the claims asserted in this matter, it has not specified any hardship or inequity that it would suffer in having to go forward with this proceeding. It has also failed to identify any particular time limit for the stay other than alleging that a parallel proceeding is currently pending in Texas state court. Accordingly, the Court finds that a stay of this action pending resolution of the Texas lawsuit is not appropriate at this time.

## *CONCLUSION*

For the reasons stated above,

**IT IS ORDERED** that the motion to dismiss is **DENIED.**

New Orleans, Louisiana, February 13, 2012.

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**